**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR SALVADOR GUTIERREZ-MORENO, | No.   18-70535 |
|   | 18-72852 |
|      Petitioner, | |
|   | Agency No. A075-494-448 |
| v. | |
|   | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
|      Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and KELLY[***] and MILLER, Circuit Judges.

Hector Salvador Gutierrez-Moreno, a native and citizen of Honduras,

petitions for review of an order of the Board of Immigration Appeals denying his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

motion to reopen removal proceedings and an order denying his subsequent motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252(a)(1). *Mata v. Lynch*, 576 U.S. 143, 147–48 (2015). We review for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny both petitions.

1.      Gutierrez-Moreno argues that the Board abused its discretion when it denied his motion to reopen even though the government did not file a brief opposing it. The Board's regulations do not require it to grant an unopposed motion. *See* 8 C.F.R. § 1003.2(g)(3). To the contrary, the Board's Practice Manual states that "the opposing party's failure to oppose a motion . . . will not necessarily result in a grant of that motion." U.S. Dep't of Justice, Board of Immigration Appeals Practice Manual, ch. 5.11 (2017). The Board had no obligation to grant the motion simply because it was unopposed. *See Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991).

Gutierrez-Moreno's reliance on *Konstantinova v. INS*, 195 F.3d 528 (9th Cir. 1999), is misplaced. There, we held that the Board's denial of an unopposed motion to remand because of procedural error could constitute an abuse of discretion where the Board had discretion to waive the error and had previously done so in almost "identical" circumstances. *Id.* at 530–31. Here, by contrast, the Board lacks discretion. By statute, motions to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C.

2

§ 1229a(c)(7)(C)(i). Gutierrez-Moreno's motion was filed more than four years after his final order of removal. Unlike the rule at issue in *Konstantinova*, the statutory time bar is mandatory.

2.      Gutierrez-Moreno next argues that the Board abused its discretion when it found that he failed to adduce evidence of a material change in country conditions in Honduras. In particular, he argues that the appointment of Juan Carlos Bonilla Valladares as chief of the Honduran national police constitutes a material change in country conditions because of Valladares's role in leading police killings of LGBT persons. If Gutierrez-Moreno is right, then his motion to reopen was not time-barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The Board found otherwise. It explained that Gutierrez-Moreno had not shown that Valladares remained police chief at the time of his motion, that Valladares's "appointment worsened the frequency or severity of human rights violations committed by Honduran police, including extrajudicial killings," or that such killings had grown more common since his hearing. Those findings were supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). While the record showed that Valladares became chief of police in 2012, it also showed that by the end of 2013, he had been replaced. The record established that extrajudicial police killings and torture, including of LGBT persons, had occurred before Gutierrez-Moreno's hearing. Finally, the record showed that the Honduran government had

3

taken steps to address criminality among the police. Gutierrez-Moreno argues that he is entitled to have reasonable inferences drawn in his favor on the merits of his asylum claim, but the Board was not required to draw such inferences in deciding whether to deny his motion on the "independent ground[]" that he had not "introduced previously unavailable, material [country conditions] evidence." *INS v. Abudu*, 485 U.S. 94, 104, 106–10 (1988).

3. Finally, Gutierrez-Moreno argues that he is entitled to equitable tolling due to ineffective assistance of counsel. He alleges that his former counsel was deficient for two reasons: (1) She failed to "identify asylum and withholding" of removal as potential avenues of relief, and (2) she failed to "seek[] reopening when [his] immigrant visa became current in September of 2016" to apply for adjustment of status. To qualify for equitable tolling and successfully reopen proceedings due to ineffective assistance of counsel, a petitioner must show that he was prevented from timely filing by counsel's ineffectiveness; that he exercised due diligence in discovering counsel's error; that he complied with *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988); and that he suffered prejudice. *Singh v. Holder*, 658 F.3d 879, 884–85 (9th Cir. 2011).

On the first claim, the Board found that Gutierrez-Moreno had not substantially complied with *Lozada* and had not demonstrated due diligence in "attempting to discover or correct" his attorney's alleged error. On reconsideration,

4

Gutierrez-Moreno did not "meaningfully challenge[]" or "rebut[]" the Board's due diligence finding. Before this court, he does not explain how he acted diligently or dispute the Board's finding that he did not take "any independent action to investigate his case prior to filing [his] motion, such as researching whether relief might be available to aliens who are afraid to return to their home countries." Because the Board's unrebutted due-diligence finding is dispositive, we need not decide whether it abused its discretion in finding that Gutierrez-Moreno failed to substantially comply with *Lozada*.

On the second claim, the Board found that Gutierrez-Moreno was not prejudiced because even if counsel had moved to reopen when his visa became current, his motion still would have been untimely. Gutierrez-Moreno has waived this issue because he did not challenge the Board's prejudice determination in his opening brief. *Ghahremani v. Gonzales*, 498 F.3d 993, 997–98 (9th Cir. 2007).

**PETITIONS DENIED**.